## BISSELL v. PHELPS.

(Court of Appeals of District of Columbia. Submitted January 13, 1921. Decided February 7, 1921.)

No. 1380.

1. Patents ⚙══90(5)—Last applicant must show prior reduction to practice or diligence from time prior to adverse party's proceedings.

An applicant for a patent, who was first to conceive the invention, but the last to file, to establish priority, must prove an actual reduction to practice prior to that of the other party, or show diligence on his part from the time just prior to that when the other party entered the field down to his own date of filing.

⚙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Patents ⬤══90(6)—Invention not reduced to practice by making model out of clay.**

An invention relating to caps for the outside end of conduits through which electric wires are led into buildings was not reduced to practice by making a model out of ordinary molding clay, which would have broken or disintegrated if any attempt had been made to use it.

**3. Patents ⬤══90(4)—Applicant held not to have used diligence, so as to give priority over one filing earlier.**

An applicant for a patent, who was first to conceive, and who gave directions for the preparation of an application in July, 1915, executed it June 5, 1916, and filed it August 29, 1916, did not use diligence, entitling him to priority over one filing earlier, where his excuse for the delay in executing the application was futile, and there was no attempt to explain the subsequent delay in filing the application.

Appeal from Decision of Commissioner of Patents.

Interference proceeding in the Patent Office between Carl H. Bissell, junior party, and James C. Phelps, senior party. From a decision awarding priority to the senior party, the junior party appeals. Affirmed.

Arthur E. Parsons, of Syracuse, N. Y., for appellant.

Harry W. Bowen, of Springfield, Mass., and William L. Edmonston, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellant, Bissell, lost before the three tribunals on the question of reduction to practice. The invention relates to caps which are designed to cover the outside ends of conduits through which electric wires are led into buildings. Bissell, who is the junior party, made a drawing of the invention in February, 1915, and a clay model on March 25 of the same year, and, about July, 1915, gave directions to have an application for patent prepared. He did not file until August 29, 1916. Phelps, the senior party, made a sketch about March 31, 1915, and constructed a wooden model about June 30, 1915. From that time until he filed on August 19, same year, he was diligent. He was given as his date of conception as early as June, 1915.

[1, 2] Bissell, on the other hand, is entitled to conception as of March 25, 1915, thus placing him ahead of Phelps' earliest date. Being the first to conceive and the last to file, if he succeeds he must do so by proving an actual reduction to practice prior to any date accorded to Phelps for reduction to practice, or by showing diligence on his part running from a time just prior to that when Phelps entered the field down to his own date of filing. Was Bissell's clay model a reduction to practice within the meaning of the law? Speaking of it, the Examiner of Interferences said:

"No attempt was ever made to subject that model to any tests corresponding to the conditions surrounding such caps in actual use. And an examination of the model forces the conclusion that, if subjected to such tests, its parts could not be secured together; it would break down on pulling the wires threaded through it; and it would disintegrate under the action of rain."

In reference to the same point the Assistant Commissioner observed:

"This model was obviously not capable of use for the purpose for which it

was intended, since it was made of ordinary molding clay. At the best it merely illustrated the manner in which a device embodying the invention should be built, and disclosed substantially nothing that would not have been disclosed in an accurate drawing."

He, of course, united with the other tribunals in the conclusion that the model did not amount to an actual reduction to practice, and he was right. It is a rule of decision, long established, that the mere making of a model is not a reduction to practice unless capable of use. Lindemeyr v. Hoffman, 18 App. D. C. 1; Hammond v. Basch, 24 App. D. C. 469. The evidence shows that this model was not capable of use.

[3] With respect to the question of diligence, Bissell, as we have said, gave directions to prepare an application for patent some time in July, 1915. It was not executed by him until June 5, 1916, and was not filed before August 29, same year. While an attempt was made to excuse the long delay between the date on which Bissell gave directions to have an application prepared and the date on which he signed it, it was utterly futile. But not even an attempt was made to account for the delay of nearly three months between the date on which he signed the application and the date on which it was filed by him in the Patent Office. Hence the conclusion was inevitable that Bissell was lacking in diligence in reducing his invention to practice, actual or constructive.

The decision of the Commissioner of Patents is affirmed
Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.